**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR215** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| **vs.** | ) | **AND ORDER** |
| | ) | |
| **JIMMIE L. PANKONIN, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 26) issued by Magistrate Judge Thomas D. Thalken recommending denial of the motion to dismiss filed by the Defendant, Jimmie L. Pankonin, Jr. (Filing No. 13). Pankonin filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 27, 28) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a). The Court has also considered the government's responsive brief (Filing No. 29).

Pankonin is charged in a two-count Indictment with possession with intent to distribute 50 grams or more of methamphetamine (Count I) and possession of a firearm in furtherance of the drug trafficking crime (Count II). He seeks an order suppressing evidence seized as a result of a warrantless trash search and a search of Pankonin's residence in Imperial, Nebraska. Both searches occurred on May 5, 2005.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he determined: the Defendant had no reasonable expectation of privacy in the trash; the evidence seized from the trash alone provided sufficient probable cause for issuance of a search warrant; the information in the search warrant affidavit was stale and could not support a finding of probable cause; the anonymous tips in the search warrant affidavit were uncorroborated and could not support a finding of

probable cause; even assuming the search warrant affidavit lacked probable cause, the *Leon* good faith exception applies.

On the basis of these determinations, Judge Thalken recommended that the Defendant's motion to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the facts**.**  The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 22). The Court also carefully viewed the evidence (Filing No. 21).  Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge 's factual findings  in their entirety.

## ANALYSIS

The Defendant objects to portions of Judge Thalken's Report and Recommendation, arguing that Judge Thalken erred in concluding: the seizure of the trash was not a Fourth Amendment violation; the evidence seized from the trash could alone constitute sufficient probable cause for issuance of the search warrant; and the *Leon* good faith exception would apply.

***Trash Haul - Fourth Amendment***

In support of his Fourth Amendment argument, the Defendant argues that the trash was within the curtilage of his residence. The Defendant characterized the testimony of Investigator Balthazar of the Nebraska State Patrol as stating that Balthazar was not sure whether the trash was on the Defendant's property or in an adjacent alley. In its full context, however, Balthazar's testimony was that, while he was unsure whether the trash was in the alley or on the residential property, he was unsure as to the location of the property line and the trash was on an area that was covered both with grass and gravel.

More importantly, the Defendant characterized the testimony of Kathy Pankonin, third cousin and, more importantly, a city worker who picked up the trash, as stating that the trash was on the Defendant's property on May 5, 2005, the day Balthazar performed the trash haul. However, taking her testimony in its entirety, Ms. Pankonin testified that when she saw the trash on May 5, 2005, it had been moved to the usual spot where it was always placed for pickup. Ms. Pankonin also testified that the alley adjacent to the Defendant's property was a public alley, and she had seen occasional public traffic in the alley. Finally, Ms. Pankonin also stated that, consistent with his use of a city-approved sticker system for trash pickup, the Defendant had placed a city-approved sticker on the trash signifying that the trash was ready for pickup.

Viewing the testimony of these witnesses, it is clear that on May 5, 2005, the Defendant had no reasonable expectation of privacy in the trash in question. *United States v. Comeaux,* 955 F.2d 586, 589 (8th Cir. 1992) (citing *United States v. Hedrick,* 922 F.2d 396, 400 (7th Cir. 1991)).

***Remaining Issues***

The remaining issues were not briefed and, therefore, are deemed waived. NECrimR 57.3(a).

Briefly, however, the Court agrees with Judge Thalken that the evidence from the trash alone could have provided sufficient probable cause for issuance of the search warrant. *United States v. Briscoe,* 317 F.3d 906, 908-09 (8th Cir. 2003). Also, viewed in the totality of the circumstances in the context of continuing criminal activity, the information in the search warrant affidavit was not stale. *United States v. Formaro,* 152 F.3d 768, 771 (8th Cir. 1998). Moreover, the issuing judge had the benefit of fresh evidence from the trash haul. Finally, even if the affidavit were found to be lacking in probable cause, the affidavit was sufficient to allow an officer reasonably to believe that probable cause existed and, therefore, the exception pursuant to *United States v. Leon,* 468 U.S. 897, 923 (1984) would apply.

## CONCLUSION

For the reasons discussed, the Defendant's motion to suppress should be denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 26) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 27) is overruled;

3. The Defendant's Motion to Suppress (Filing No. 13) is denied.

DATED this 12th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge